**FIRPINE PRODUCTS COMPANY, a corporation, Plaintiff,**

**v.**

**THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, a corporation, Defendant.**

**Civ. No. 713.**

United States District Court
W. D. Missouri, St. Joseph Division.

Oct. 13, 1954.

Joseph M. Garvey, St. Joseph, Mo., for plaintiff.

Lathrop, Righter, Blackwell & Parker, Sam Parker, Kansas City, Culver, Phillip, Kaufmann & Smith, Francis Smith, St. Joseph, Mo., for defendant.

DUNCAN, Chief Judge.

This is an action against a common carrier for damage to an interstate shipment of lumber which was inundated in the July, 1951 flood of the Kansas River in the Kansas City area. The lumber was loaded in railroad car L & N 48940 and was delivered by plaintiff to the Southern Pacific Railroad at Lakeview, Oregon on June 26, 1951 for transportation and delivery to plaintiff at Kansas City, Kansas, with a stopover for partial unloading at St. Joseph, Missouri, pursuant to the provisions of the Uniform Bill of Lading. Defendant was the delivering carrier.

The car left St. Joseph at 5:45 p. m., July 11, 1951 and arrived at Henrietta, Missouri at 9:05 p. m. the same date. At 12:56 a. m. the following morning it left Henrietta and it arrived at defendant's yards in the Argentine district of Kansas City, Kansas at 3:05 a. m., July 12. While in those yards awaiting switching to the plant of the consignee, plaintiff's shipment was inundated by the flood waters of the Kansas River which overtopped the levees protecting the Argentine district at 11:50 p. m., July 12, 1951. The resulting damage to plaintiff's property, after deductions for salvage, was $9,303.58.

This being an action to recover for damage to an interstate rail shipment, the rights and liabilities of the parties are governed by the Carmack Amendment to the Interstate Commerce Act, the provisions of the Uniform Bill of Lading, and common law rules established and enforced by the federal courts. 49 U.S.C.A. § 20(11); Adams Express Co. v. Croninger, 226 U.S. 491, 33 S.Ct. 148, 57 L.Ed. 314; Crump v. Thompson, 8 Cir., 171 F. 2d 442, 445.

It is well established under the applicable authorities that an interstate carrier is not liable for loss or damage to lading caused by an Act of God. Section 1(b), Uniform Bill of Lading; Memphis & C. R. Co. v. Reeves, 10 Wall. 176, 77 U. S. 176, 19 L.Ed. 909; Farr Co. v. Union Pacific R., 10 Cir., 106 F.2d 437. These same authorities further hold that, once the loss is shown to have been occasioned by an Act of God, the plaintiff may recover only if negligence of the carrier contributed to cause the loss, and the burden of establishing such negligence is on the plaintiff. See also Hunter Packing Co. v. Baltimore & O. R. Co., 7 Cir., 210 F.2d 448.

The facts set out above were incorporated in a stipulation between the parties, and were introduced by plaintiff. The stipulation constituted the entire evidence in the case, with the exception of certain gauge readings, weather bureau predictions and Army engineer data on the Argentine levees which were attached to the stipulation as exhibits.

It was conceded by defendant at the trial that plaintiff, on these facts, established a *prima facie* case based on the fact that defendant did not deliver safely the property entrusted to it for transportation. Defendant, however, relying on the widespread public knowledge of the extent and magnitude of the 1951 flood at Kansas City, and the numerous adjudications that this flood constituted an Act of God, requested the Court to take judicial notice that the catastrophe, which the stipulation establishes as the cause of plaintiff's loss, was an Act of God, relieving defendant of liability, absent some proof of concurring negligence on defendant's part. Defendant, accordingly, moved for a judgment on the stipulated facts.

Every court which has considered the question of railroad liability for loss of lading in the 1951 flood at Kansas City has found that flood to be an Act of God, relieving the carriers from liability, for such losses. Little Rock Packing Co. v. Chicago, B. & Q. R. Co., D.C.Mo., 116 F. Supp. 213; Ray-O-Vac v. Chicago & N. W. Ry. Co., D.C.Wis., 121 F.Supp. 409; Missouri-Kansas-Texas R. Co. v. Roege-

lein Provision Co., Tex.Civ.App., 260 S.W.2d 605.

In the Little Rock Packing Co. case, Judge Ridge of this Court found, 116 F. Supp. loc.cit. 217, " * * * there is no question that this devastating deluge was an Act of God." Judge Ridge also took judicial notice to this effect in Ohio Foundry Mfg. Co. v. A. T. & S. F. Ry. Co., (Case No. 7924, D.C.Mo., not yet reported) in dismissing plaintiff's complaint at a pre-trial conference. See, also, United States v. 1,800.2625 Wine Gallons of Distilled Spirits, D.C.Mo., 121 F. Supp. 735, 739.

In Gerber v. McCall, 175 Kan. 433, 264 P.2d 490, the Kansas Supreme Court took judicial notice that the 1951 flood in the Argentine district of Kansas City, Kansas where the car involved in this suit was inundated, was an Act of God. The Court said, 264 P.2d loc.cit. 493:

" * * * In the first place, this court takes judicial notice of the unprecedented magnitude of the flood in question and of its devastating effects and results. History has already recorded them. Viewing the matter in the light of 'hindsight,' it is undoubtedly a fact that everyone in the path of the flood, had he known of its proportions, would have taken steps and measures different from those which were taken. The trite, but familiar expression— 'hindsight is always better than foresight,' is all the more meaningful when that frailty of human nature is coupled with an Act of God such as occurred in the Kaw Valley on July 13, 1951."

Accordingly, this Court takes judicial notice that the July 12, 13, 1951 flood in the Kansas City, Missouri-Kansas area was an unprecedented one, and in overflowing the dikes and area in that district, was an Act of God, unforeseen and unforeseeable.

The defendant is therefore entitled to judgment in its favor unless plaintiff has established some negligence on the part of defendant which contributed to cause the loss. Memphis & C. R. Co. v. Reeves, supra. Plaintiff, in this regard, relies solely on the fact that defendant, on July 11 and 12, 1951 removed plaintiff's property from what proved to be places of safety, at St. Joseph and Henrietta, and brought it into the Kansas City area where it was destroyed.

Such a showing is not sufficient to sustain plaintiff's burden of proof. In the cases which are cited above involving losses at Kansas City in July of 1951, it has been held in every instance that the railroads were not negligent in moving cars into the Kansas City area, or in failing to get them out. In these cases the railroads have been charged with negligence in failing to remove lading, on the basis of allegations that the overtopping of levees was imminent and they have been charged with negligence in taking property into the Kansas City area in view of the possibility of a flood. In no instance have such charges been found by the Courts to be supported by the evidence. It has been held that the railroads had a right to rely upon the fact that there had not been a flood in metropolitan Kansas City for more than forty years; that there had never been a flood since the levees in that area had been built; and that the advice from the Government Engineers and the weather bureau was to the effect there would not be a flood. Little Rock Packing Co. v. Chicago B. & Q. R. Co., supra; Missouri-Kansas-Texas R. Co. v. Roegelein Provision Co., supra; Ray-O-Vac v. Chicago & N. W. Ry. Co., supra.

The Court therefore declares the law to be that the loss and damage sustained by plaintiff to its carload of lumber was the direct result of an Act of God, and that no act of negligence on the part of defendant concurred therewith so as to predicate liability on defendant. As a consequence, defendant's motion for judgment at the close of plaintiff's case should be, and the same is hereby, sustained.